UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

CASE NO. 6:11-cv-02005-GKS-GJK

WM AVIATION, LLC and TRICOR
INTERNATIONAL CORPORATION,
Individually and as Assignees of UNITED
STATES AVIATION UNDERWRITERS,
UNITED STATES AVIATION INSURANCE
GROUP, LIBERTY MUTUAL INSURANCE
COMPANY, AND ACE AMERICAN
INSURANCE COMPANY,

    *Plaintiffs*,

v.

CESSNA AIRCRAFT COMPANY,

    *Defendant.*
_____/

## PLAINTIFFS' OPPOSITION TO DEFENDANT'S MOTION IN LIMINE TO EXCLUDE SPECULATIVE DAMAGES CLAIMS

    WM Aviation, LLC and Tricor International Corporation oppose Defendant's Motion In Limine to Exclude Speculative Damages Claims. WM Aviation agrees that it will not seek damages for lost business opportunities or lost profits. But WM Aviation does intend to seek damages that have been incorrectly characterized by Cessna as "consequential." Cessna misleadingly asserts that WM Aviation failed to substantiate its damages when WM Aviation produced at least 333 pages of documentary proof of damages, and also designated an expert witness, Ernie Killingsworth, to testify about the Aircraft's loss in value resulting from the crash. Cessna's motion improperly recites the argument from its Motion for Summary Judgment that WM Aviation should not be

permitted to recover "consequential" damages. A request to exclude an entire claim for damages is not properly addressed by a motion in limine, and Cessna's motion should therefore be denied.

### *Cessna Improperly Seeks To Bar WM Aviation's Damages*

Cessna's motion really seeks judgment as a matter of law on WM Aviation's damages claims, in the guise of a motion in limine. Cessna's complaint is not that specific evidence should be excluded, but that entire damages claims should be excluded. This is not the function of a motion in limine. "A motion in limine is made before a trial has begun for the purpose of excluding or including certain evidence." *Begualg Inv. Mgmt., Inc. v. Four Seasons Hotel Ltd.*, 10-22153-CIV, 2013 WL 750309 (S.D. Fla. 2013) (citing 20 Am.Jur. *Trials* 441 § 2 (1973)). But "[t]he real purpose of a motion *in limine* is to give the trial judge notice of the movant's position so as to avoid the introduction of damaging evidence, which may irretrievably affect the fairness of the trial." *Stewart v. Hooters of Am., Inc.*, 04–40–T–17, 2007 WL 1752873, at *1 (M.D. Fla. June 18, 2007).

Cessna failed to cite a single case in which a court disposed of a claim for damages in response to a motion in limine. All of the cases cited by Cessna consider the issue of consequential damages in motions for summary judgment or appeals from verdicts. *In re New River Shipyard, Inc.*, 355 B.R. 894 (Bankr. S.D. Fla. 2006) (motion for summary judgment); *Hodges v. Fries*, 15 So. 682 (Fla. 1894) (appeal from finding of referee); *Greater Coral Springs Realty, Inc. v. Century 21 Real Estate of S. Florida, Inc.*, 412 So. 2d 940 (Fla. 3d DCA 1982) (appeal from a non-jury trial); *Shearson Loeb*

2

*Rhoades, Inc. v. Medlin*, 468 So. 2d 272, 273 (Fla. 4th DCA 1985) (appeal from final judgment regarding trial court's determination of damages). Because Cessna has not provided any authority supporting its effort to eliminate WM Aviation's claim for compensatory damages through a motion in limine, its Motion should be denied.

### *WM Aviation Produced Information Regarding Its Damages*

Cessna also incorrectly contends that WM Aviation has not produced any evidence of its damages. On August 10, 2012, WM Aviation produced 333 pages of documents reflecting its damages in this lawsuit, including hangar rental costs, insurance premiums, financing costs, costs of replacement aircraft, and other items, in response to Cessna's First Request for Production. *See* WM Aviation's Response to Request No. 11 (Ex. A), and documents Bates-labeled WM-TRI1298-1631.[1] In addition, WM Aviation designated an expert witness in this case, Ernie Killingsworth, who will testify about the Aircraft's loss in value resulting from the crash. *See* Fed. R. Civ. P. 26 Report of Ernie Killingsworth (Ex. B). Cessna's statement that no evidence of the damages was produced is inaccurate and misleading. WM Aviation should be permitted to present these damages at trial. It was clearly foreseeable that if the Aircraft crashed as a result of defects in Cessna's materials or workmanship, that WM Aviation would incur hangar rental charges until the Aircraft was repaired; would pay insurance premiums and loan payments on a non-functioning Aircraft; and would have to pay to charter replacement aircraft. In addition, it was foreseeable that the Aircraft would lose value as the result of

---

[1] Because the documents are voluminous, WM Aviation is not attaching them to this Motion, but will provide them to the Court upon request.

any major physical damage. WM Aviation has supplied evidence of these damages, and should be permitted to present it to the jury.

WHEREFORE, Plaintiffs respectfully request that the Court deny Cessna's Motion in Limine.

Respectfully submitted,

VER PLOEG & LUMPKIN, P.A.
100 S.E. 2nd Street, 30th Floor
Miami, FL 33131
(305) 577-3996
(305) 577 3558 *facsimile*


/s/ Stephen A. Marino, Jr.
**Stephen A. Marino, Jr.**
Florida Bar No. 0079170
smarino@vpl-law.com
**Danya J. Pincavage**
Fla. Bar No. 0014616
dpincavage@vpl-law.com

*And*

Jack Scarola, Esq.
Fla. Bar No. 169440
jsx@searcylaw.com
Searcy Denney Scarola Barnhart
& Shipley, P.A.
2139 Palm Beach Lakes Blvd.
West Palm Beach, Florida 33409
561-686-6300
561-383-9451 *facsimile*
*Counsel for Plaintiffs*

## CERTIFICATE OF SERVICE

I herby certify that on June 17th, 2013, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing

4

CASE NO. 6:11-cv-02005GKS-GJK

document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notice of Electronic Filing.

/s/ Stephen A. Marino, Jr.
**Stephen A. Marino, Jr.**

## SERVICE LIST
*WM Aviation, LLC, et al. v. Cessna Aircraft Company*
**Case No. CASE NO. 6:11-cv-02005-GKS-GJK**
**United States District Court, Middle District of Florida**

Stephen A. Marino, Jr., Esq.
Danya J. Pincavage, Esq.
Ver Ploeg & Lumpkin, P.A.
100 S.E. 2nd Street, 30th Floor
Miami, FL 33131
305-577-3996
305-577 3558 *facsimile*
smarino@vpl-law.com
dpincavage@vpl-law.com

Jack Scarola, Esq.
Searcy Denney Scarola Barnhart & Shipley, P.A.
2139 Palm Beach Lakes Blvd.
West Palm Beach, Florida 33409
561-686-6300
561-383-9451 *facsimile*
jsx@searcylaw.com
*Counsel for Plaintiffs*

Henry M. Knoblock, Esq.
Sherril M. Colombo, Esq.
Stephen F. Coxhead, Esq.
Wilson Elser Moskowitz Edelman & Dicker, LLP
100 S.E. Second Street, Suite 3800
Miami, FL 33131-2126
305-374-4400
305-579-0261 *facsimile*
hank.knoblock@wilsonelser.com
sherril.colombo@wilsonelser.com
steve.coxhead@wilsonelser.com
*Counsel for Defendants*

5